IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LASHANNON D. BLAND,<br><br>      Defendant. | 8:20-CR-134<br><br>ORDER ON MOTION FOR<br>COMPASSIONATE RELEASE |

  This matter is before the Court on defendant Lashannon D. Bland's *pro se* Motion for Compassionate Release. Filing 43. Bland asserts that his heart transplant from 2012, along with his diagnoses for chronic obstructive pulmonary disease (COPD), diabetes, and other diseases provide "extraordinary and compelling" reasons for release. The Court denies Bland's Motion.

  As outlined in Bland's Presentence Investigation Report, which the Court adopted without change at sentencing, law enforcement received a tip on January 17, 2020, that Bland had guns and drugs at a residence with children present. Filing 37 at 4. A trash pull conducted about two weeks later discovered a baggie with cocaine residue. Filing 37 at 4. Law enforcement executed a search warrant at the residence on February 6, 2020, and in a padlocked bedroom discovered two handguns, two bags containing cocaine and marijuana, and two digital scales. Filing 37 at 4. Officer later located Bland at a Motel 6, where he was arrested. Filing 37 at 4. Bland later admitted to possessing the firearms and narcotics in the residence as well as selling illegal drugs. Filing 37 at 4.

  Based on the above facts, a grand jury issued a three-count Indictment on June 17, 2020, charging Bland with distributing a mixture containing cocaine, using a firearm during drug trafficking, and being a felon in possession of a firearm. Filing 1 at 1–2. On April 13, 2021, Bland

1

appeared before a magistrate judge and pleaded guilty to distributing a mixture containing cocaine and possessing a firearm during drug trafficking. Filing 25 (Text Minute Entry). On July 7, 2021, the Court sentenced Bland to 78 months incarceration pursuant to his Rule 11(c)(1)(C) plea agreement, which was within his guideline range of 75 to 81 months incarceration. Filing 32; Filing 41.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). The amendment provides for "so-called 'compassionate release.'" *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022).

Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that Bland has exhausted his administrative remedies, Filing 43 at 20–22, so the Court turns to the merits of his Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to sentence reduction. See Avalos Banderas, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." Id. Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits.

Bland references his heart transplant in 2012, nearly a decade before he committed his underlying offenses, as well as his diagnosed diseases, which include COPD and diabetes, as supporting his release from prison. Filing 43. Bland also uses a continuous positive airway pressure (CPAP) machine and nebulizer. Filing 43 at 10. Currently, Bland resides at a federal medical center in Fort Worth, Texas. Filing 43 at 12.

The policy statement from § 1B1.13 of the United States Sentencing Guidelines states that "extraordinary and compelling reasons exist" when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

expected to recover." U.S.S.G. 1B1.13 cmt. 1. Although the Eighth Circuit has declined to hold that the policy statement from § 1B1.13 is binding on the courts, *see United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020), the Court nevertheless finds it useful in determining whether an inmate's health condition is an extraordinary and compelling reason for release. In this case, the Court acknowledges that Bland is suffering from several health conditions, but there is no evidence that he is unable to provide self-care or that the Bureau of Prisons (BOP) is unable to provide him adequate treatment. *See United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021) (upholding the district court's denial of compassionate release because, even though the defendant suffered from "serious health issues," in light of the treatment he was being provided he "did not quire meet the extraordinary-and-compelling-reasons standard"). In fact, while Bland claims that his health concerns are not dealt with in a timely manner, he provides no evidence that this is true.

The BOP has many individuals committed to its custody that suffer from serious medical issues like Bland. Absent evidence that the BOP is unable to provide adequate treatment, suffering from medical issues alone is not an extraordinary and compelling reason for release. *See United States v. Barraza*, No. 8:4-CR-447, 2023 WL 2186937, at *3 (D. Neb. Feb. 23, 2023) (finding that being on kidney dialysis and requiring a kidney transplant was not an "extraordinary and compelling" reason for release when "there [was] no evidence that [the movant was] unable to provide self-care or that the BOP [was] unable to provide him with adequate treatment"); *United States v. Aniyeloye*, No. 8:16CR305, 2022 WL 7145403, at *1 (D. Neb. Sept. 26, 2022) (finding that compassionate release was not warranted when the defendant "was and is being treated by [BOP] medical staff and received medication for [his] conditions"); *United States v. Shady*, No. 11-CR-1010-CJW-MAR, 2020 WL 3473647, at *4 (N.D. Iowa June 25, 2020) (denying compassionate release where the defendant's limitations were "moderate" and he was "receiv[ing]

4

adequate treatment"); United States v. Fraenchot Deon Banks, No. 2:11-CR-4-5, 2020 WL 3145691, at *3 (D.N.D. June 12, 2020) (concluding that the inmate's health conditions were not an extraordinary and compelling reason for release when the defendant had been dealing with them "for an extended period of time" and he provided no evidence "how his various ailments cannot be adequately treated by [his] facility").

Further, the Court has reviewed the record and concludes that a reduction of Bland's sentence would be contrary to the factors under 18 U.S.C. § 3553(a).[1] The Court sentenced Bland to a within guidelines sentence for an offense involving the distribution of narcotics and possessing multiple firearms. As stated in his Presentence Investigation Report, children were present in the home in which Bland stored guns and illegal substances. Bland also has a lengthy criminal history that includes prior drug offenses and robbery. Bland also admits that he has served less than half of his sentence. Filing 43 at 2. Given the nature, circumstances, and seriousness of Bland's offenses, as well as his history, release at this point is unwarranted. Accordingly,

IT IS ORDERED that Lashannon D. Bland's Motion for Compassionate Release, Filing 43, is denied.

Dated this 25th day of July, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).